UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | | |
|---|---|---|
| In Re: | ) | BK No.:  08-12097 |
| | ) | |
| Blue Sky 2 Inc., | ) | Chapter: 7 |
| | ) | Honorable Eugene R. Wedoff |
| | ) | |
| | ) | |
| Debtor(s) | ) | |

**ORDER APPROVING MODIFICATION OF SALE OF REAL ESTATE FREE AND CLEAR
AND FOR OTHER RELIEF**

This case coming to be heard on Trustee's Motion to Approve Modification of Sale of Real Estate Free and Clear of Liens and For Other Relief ("Motion" or "Application"), filed on behalf of Andrew J. Maxwell, Trustee; 7 days notice of the Application having been sent to the United States Trustee, Debtor, Debtor's attorney, all known creditors having been scheduled as having claims in the amount of $10,000 or more in the bankruptcy case and parties in interest as scheduled by the Debtor, and a certificate of service of such notice having been filed with the Clerk of this Court; the Court finding good cause that notice given is sufficient; counsel for Trustee having appeared; the Court having held a hearing on the Application; no objection having been filed or presented in open court; the relief sought appearing to be in the best interests of the estate and its creditors; and the Court being advised in the premises; it is, therefore

ORDERED, based on the allegations set forth in the Application and statements in support of the Application, but without any evidentiary hearing, the relief requested in the Application is granted, including the following (except as otherwise required or defined, capitalized terms having the meaning set forth in the Application):

A.   Trustee is authorized to sell the real estate commonly known 8100 S. Parkside VE., Burbank, Illinois (the "real estate"), to Christian Assembly "Rios De Agua Viva" or its nominee ("Purchaser"), for the price of $850,000.00 pursuant to the provisions of the Contract and the Amendment, as those terms are defined in the Application, and that sale is approved by this Court.  Such sale shall be free and clear of any and all liens, claims, and encumbrances pursuant to §363(f) of the Bankruptcy Code, Title 11 U.S.C., with any such liens, claims and encumbrances to attach to the proceeds of sale and not to the real estate, subject to a determination of this Court as to the validity, extent, and priority of any such liens, claims and encumbrances in the event of a dispute.

B. The Purchaser should be deemed to have acquired the real estate in "good faith" within the meaning of Section 363(m) of the Bankruptcy Code and the Court makes that finding.

C. The real estate will be sold "as is, where is", without any warranties whatsoever, except as to title.

D.   Trustee is authorized to pay at the time of and from the proceeds of the closing, on the conditions set forth in the Application, (1) the usual and customary costs of closing, including but not necessarily limited to charges for survey, title charges, transfer stamps, closing fees, and the following liens as disclosed on the report on title by Chicago Title: General Cook County real estate taxes for the years unpaid from 2007 to the present;  Stickney Sanitary District lien; City of Burbank lien for repairs; and the necessary transfer taxes for the

*not specifically paid at closing*

city of Burbank. All the remaining alleged liens shall attach to the proceeds from the sale; (2) a) the Broker shall receive its commission of not more than 6%, plus payment of costs expended up to $5,000.00 toward advertising costs; b) the estate *at closing* shall receive $40,000.00; 3) Summit's counsel shall conduct the closing of the sale of the real estate and Summit will fund the seller closing costs up to $9,000.00; and 4) Summit will receive all the remaining net proceeds from the sale. All other proceeds of the sale shall be held by Trustee for the benefit of claimants against this estate; provided however, that Trustee is authorized if required to deposit with the title company all or part of the proceeds of the sale to assure that such lien will be paid in the amount determined by this Court.  In the event of a dispute regarding the mortgage or any lien holder, Trustee will seek this Court to determine and resolve that dispute prior to payment of the amount claimed due.

    E.   Trustee is authorized to undertake such acts and execute such documents as may be necessary and appropriate to close the sale, including but not limited to executing a deed conveying the real estate to the purchaser and executing such other and further documents deemed necessary by the Trustee to consummate the sale of the real estate.

    F.   Summit's right to bid on the Real Estate in accord with Section 363(k) is preserved, and in the event that the anticipated sale to the Purchaser does not close as scheduled in the Application and the Contract, as may be modified by agreement of the parties, Summit shall be permitted to exercise its rights under § 363(k) without further order of this Court to become the purchaser of the Real Estate on the anticipated closing date.  In such an event, the provisions of paragraph D above shall otherwise remain in effect except that (1) the Broker shall not receive its commission, unless agreed to by Summit, (2) the estate shall receive $10,000 directly from Summit and no other proceeds of the sale, and (3) the Trustee's counsel will conduct the closing for Seller if necessary to avoid an attorney conflict of interest.

    G. The hearing on the Application is concluded.  This is a final order.

                                        Enter:

                                        Honorable Eugene R. Wedoff
                                        United States Bankruptcy Judge

Dated:  **8 FEB 2011**

**Prepared by counsel of Movant:**

Andrew J. Maxwell (ARDC# 1799150)
Jaclyn H. Smith (ARDC#6284016)
Vikram R. Barad (ARDC#6277076)
Maxwell Law Group, LLC
105 West Adams Street, Suite 3200
Chicago, IL 60603
312/368-1138

Rev: 20101008_bko